United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK NATIONAL ASSOCIATION,

    Plaintiff,

  v.

KEITH VANN,

    Defendant.
_____/

No. C 12-05725 CRB

**ORDER REMANDING CASE AND AWARDING FEES**

    Defendant Keith Vann removed this case from state court on November 7, 2012. See Notice of Removal (dkt. 1). The case was transferred to this Court on January 30, 2013 because the Court found it related to Case No. 12-4023 CRB. See Order Relating Case (dkt. 23). Now pending are Plaintiff's Motion to Remand the case (dkt. 25) and Defendant's Motion to Vacate and Void State Order/Judgment (dkt. 14). The Court finds these matters suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), and VACATES the hearing currently set for Friday, March 8, 2013.

    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of

different states and the amount in controversy, exclusive of interest and costs, exceeds $75,00.00.  The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted).  Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Id. at 566.  Further, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

The Court does not have jurisdiction over this case.  Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint.  See Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002).  The state court complaint here involves only a claim of unlawful detainer.  See Notice of Removal Ex. A-1 ("Unlawful Detainer Complaint").  Therefore, no federal question is presented.  See Wells Fargo Bank v. Lapeen, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).  Moreover, because Defendant is what is known as a local defendant (residing in the State in which this action has been brought), there is also no diversity jurisdiction.  See 28 U.S.C. § 1441(b)(2).  Accordingly, the Case is REMANDED to the Superior Court of the State of California, County of Alameda.

That the Court does not have jurisdiction over this case should be no surprise to Defendant, as this is Defendant's second time removing this exact unlawful detainer case.  The Court previously remanded Defendant's case and explained these same issues in its Order, finding, too, that "Defendant appears to have removed the case in bad faith, as he did so on the day before the hearing on Plaintiff's Motion for Summary Judgment in state court."  See Case No. 12-4023 CRB (dkt. 8) at 3.  Even after remand, Defendant filed a series of meritless motions before this Court, which the Court denied.  See, e.g., Order Denying Emergency Petition for Preliminary Injunction (dkt. 16) (explaining that Court lacked jurisdiction after remand); Order Denying as Moot Motion to Recuse (dkt. 20) (explaining

that Court lacked jurisdiction after remand); Order Denying Motion to Correct the Docket (dkt. 30) (explaining that Court found no errors in docket); Order Denying Motion and Ex Parte Motion for Declaratory Judgment (dkt. 43) (explaining that Court lacked jurisdiction after remand). Moreover, Defendant's latest removal came one day before trial was set to begin in state court. See Bankson Decl. ¶ 5.

Plaintiff asks for the award of $350.00 in attorneys' fees. Mot. at 5-6; Bankson Decl. ¶ 10. An order remanding a case may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." See 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). A finding of bad faith is not necessary in order to award fees pursuant to 28 U.S.C. § 1447(c). See Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238, 240 (6th Cir. 1993). In this case, there is no basis for federal subject matter jurisdiction. Clearly established state and federal law – including the Order Remanding Case in Case No. 12-4023 CRB – unequivocally prohibit removal under the circumstances of this case. There was not an objectively reasonable basis for removal. Accordingly, the Court GRANTS Plaintiff's request for $350.00 in attorneys' fees pursuant to 28 U.S.C. § 1447(c).

Defendant's Motion to Vacate and Void State Order/Judgment, which asks the Court to "determine that it sits as if it were reviewing the decision of the Alameda Superior Court," Motion to Vacate at 4, is DENIED as without merit.

Plaintiff has not sought sanctions under Federal Rule of Civil Procedure 11, which prohibits, among other things, papers filed "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," as well as "claims, defenses, and other legal contentions" that are unwarranted by existing law. See Fed. R. Civ. P. 11(b)(1), (2). Nonetheless, the Court has the power to initiate Rule 11 proceedings on its own initiative. See Fed. R. Civ. P. 11(c)(3). The Court hereby puts Defendant on notice that it will initiate Rule 11 proceedings should Defendant file further frivolous papers in this

//

Court.

**IT IS SO ORDERED.**

Dated: March 4, 2013

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE